UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

'IN ADMIRALTY'

CASE #:   22-CV-364

**DUSTIN LEE HANZEVACK**,

        Plaintiff,

v.

**DIVERSIFIED YACHT SERVICES, INC.**,
a Florida Profit Corporation;
**RICHARD H. LEVI**, *in personam*; and
**ONE 113'3" Sunseeker Motor Yacht known as the
M/V *TERA BYTE*, (MMSI: 367659660;
Call Sign: WDH8600)**, *in rem*,

        Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, DUSTIN LEE HANZEVACK, by and through the undersigned counsel and files his Complaint against Defendants, DIVERSIFIED YACHT SERVICES, INC., a Florida Profit Corporation; RICHARD H. LEVI, *in personam*; and ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE*, *in rem*, and states:

## JURISDICTION

1. This is an action for damages pursuant to the Jones Act (46 U.S.C. § 30104), the Federal Commercial Instruments and Maritime Liens Act (46 U.S.C. § 31341, et. seq.), and the General Maritime Law of the United States.

2. This Court has original jurisdiction through Article III, Section 2, of the United States Constitution.

3. A maritime tort committed in the operation of a vessel gives rise to a lien upon the

1

offending vessel pursuant to 46 U.S.C.A. § 31301(5)(B). In this case, the offending vessel is ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE* (MMSI: 367659660; Call Sign: WDH8600).

4. Plaintiff, DUSTIN LEE HANZEVACK (hereinafter, 'HANZEVACK'), is/was at all times material, a resident of Cape Coral, Lee County, Florida, and is in all ways *sui juris*.

5. Defendant, DIVERSIFIED YACHT SERVICES, INC., (hereinafter, 'DIVERSIFIED YACHT'), is a Florida Profit Corporation, and upon information and belief, its principal place of business located at 751 Fishermans Wharf, Fort Myers Beach, FL 33931, who upon information and belief, conducted business regularly within the State of Florida, and specifically aboard the M/V *TERA BYTE* (MMSI: 367659660; Call Sign: WDH8600).

6. Defendant, RICHARD H. LEVI, (hereinafter, 'LEVI') is upon information and belief, a resident of Springfield, Sangamon County, Illinois, and is in all ways *sui juris*.

7. Plaintiff is entitled to assert his said maritime lien over ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE* (MMSI: 367659660; Call Sign: WDH8600) by way of arrest of the vessel, pursuant to the Federal Commercial Instruments and Maritime Liens Act.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff, Mr. HANZEVACK, was, employed as a seamen at all times relevant, by Defendants, DIVERSIFIED YACHT SERVICES, INC., RICHARD H. LEVI, and the M/V *TERA BYTE*.

9. On or about June 10, 2019, Plaintiff, Mr. HANZEVACK, was performing his duties as a seaman aboard the M/V *TERA BYTE*.

2

10. In the performance of his assigned duties on June 10, 2019, at approximately 2000 – 2100 hours, Plaintiff, Mr. HANZEVACK, attempted to board the tender for the M/V *TERA BYTE* (the M/V *Gotta Byte*) to retrieve equipment that had been left behind on the M/V *Gotta Byte*.

11. The tender vessel, the M/V *Gotta Byte*, had been in tow at the starboard side of the M/V *TERA BYTE*, near the internal generator exhaust vent for the M/V *TERA BYTE*.

12. The location of the M/V *Gotta Byte* relative to her master vessel, the M/V *TERA BYTE* resulted in an accumulation of soot, salt water, and chemicals on the deck and toe rail of the M/V *Gotta Byte*.

13. As Mr. HANZEVACK stepped off the at issue master vessel, the M/V *TERA BYTE*, and onto the tender vessel, the M/V *Gotta Byte*, Mr. HANZEVACK slipped on the unreasonably slippery and chemically coated toe rail of the vessel and immediately fell and was severely injured.

## COUNT I - JONES ACT NEGLIGENCE
## as to DIVERSIFIED YACHT SERVICES, INC.

14. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, DIVERSIFIED YACHT SERVICES, INC., for Jones Act Negligence and re-alleges paragraphs 1-21 as if fully stated herein.

15. Defendant, DIVERSIFIED YACHT, owed seamen it employs a reasonably safe place to work and must use ordinary care under the circumstances to maintain and keep the vessel on which the seamen work in a reasonably safe condition.

16. Plaintiff, Mr. HANZEVACK, was at all times relevant, upon information and belief, a seaman employed by Defendant, DIVERSIFIED YACHT*,* operating as, upon

information and belief, an employee, borrowed servant, or temporary employee.

17. Defendant, DIVERSIFIED YACHT, breached its duty owed to its employed seamen, including Mr. HANZEVACK, by:

    a. Creating an unreasonably dangerous condition;

    b. Failing to provide a safe workspace for its employees;

    c. Failing to provide appropriately trained, skilled, or competent staff aboard the subject vessel;

    d. Carelessly and negligently permitting and allowing a condition to remain on the vessel which involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

    e. Failing to inspect, discover and correct the aforementioned dangerous condition;

    f. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

    g. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

18. As a direct and proximate result of Defendant's negligence and Plaintiff's violent fall, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest, and costs against Defendant, DIVERSIFIED YACHT SERVICES, INC., requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

## **COUNT II - UNSEAWORTHINESS**

## **as to DIVERSIFIED YACHT SERVICES, INC.**

19. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, DIVERSIFIED YACHT SERVICES, INC., for Unseaworthiness and re-alleges paragraphs 1-21 as if fully stated herein.

20. As owner and/or operator and/or manager of the vessel that caused Plaintiff's violent fall which in turn, injured Mr. HANZEVACK, Defendant, DIVERSIFIED YACHT, owed seamen, including Plaintiff, Mr. HANZEVACK, the duty to provide a vessel which was suitable for its intended purpose, where Plaintiff was operating as, upon information and belief, an employee, borrowed servant, or temporary employee.

21. Defendant, DIVERSIFIED YACHT, breached its duty to its employed seamen, including Mr. HANZEVACK, to provide a seaworthy vessel in that:

    a. The vessel was in an unreasonably dangerous condition;

    b. The vessel did not afford employees a safe workspace;

    c. The vessel did not have appropriate crew for the safety of its workers, including Plaintiff;

    d. The unseaworthy condition of the vessel involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

    e. The vessel was without appropriate safety measures for the protection of its workers, including Plaintiff;

    f. The vessel had no warning regarding the dangerous and unsafe condition of the vessel, its work areas, and communication systems.

22. As a direct or proximate result of the unseaworthy conditions alleged in the preceding

DocVerify ID: 8D46EC8B-F292-4C06-9441-10F3648EE51F
www.docverify.com
Page 5 of 17
510F3648EE51F

paragraphs, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

23. Defendant's, DIVERSIFIED YACHT, conduct in creating any and all unseaworthy conditions alleged above was willful and wanton.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest and costs against Defendant, DIVERSIFIED YACHT SERVICES, INC., requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

## COUNT V – NEGLIGENCE
## as to DIVERSIFIED YACHT SERVICES, INC.

24. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, DIVERSIFIED YACHT SERVICES, INC., for Negligence and re-alleges paragraphs 1-21 as if fully stated herein and alternately pleads as follows.

25. Prior to and on June 10, 2019, aboard the M/V *TERA BYTE*, the M/V *TERA BYTE* and its owners, operators, and charterers were under a duty to avoid exposing seamen, including but not limited to Plaintiff, from harm from the hazards the seamen might encounter while working upon the at issue vessel. This duty includes but is not limited to keeping a proper lookout, properly communicating with all workers involved in the vessel operation, following safe tender mooring practices, insuring the proper function of all onboard machinery, and warning all seamen of any hazards, hidden defects, or insufficiencies in the vessel and/or the crew.

26. Defendant, the DIVERSIFIED YACHT, breached its duty owed to seamen, including Mr.

6

HANZEVACK, by:

   a. Creating an unreasonably dangerous condition;

   b. Failing to keep a proper lookout;

   c. Failing to properly communicate with all workers involved in the operation of the Defendant vessel;

   d. Failing to inspect the onboard machinery, to wit, the internal generator exhaust;

   e. Failing to provide a safe workspace for its employees and seamen;

   f. Carelessly and negligently permitting and allowing a condition to remain on the vessel and her tender which involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

   g. Failing to inspect, discover and correct the aforementioned dangerous condition;

   h. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

   i. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

27. That as a direct and proximate result of Defendant's, DIVERSIFIED YACHT, negligent breach of duty, and Plaintiff's violent fall, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest and costs against Defendant, DIVERSIFIED YACHT SERVICES, INC., requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

7

## COUNT I - JONES ACT NEGLIGENCE

## as to RICHARD H. LEVI

28. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, LEVI, for Jones Act Negligence and re-alleges paragraphs 1-21 as if fully stated herein.

29. Defendant, LEVI, owed seamen it employs a reasonably safe place to work and must use ordinary care under the circumstances to maintain and keep the vessel on which the seamen work in a reasonably safe condition.

30. Plaintiff, Mr. HANZEVACK, was at all times relevant, upon information and belief, a seaman employed by Defendant, LEVI, operating as, upon information and belief, an employee, borrowed servant, or temporary employee.

31. Defendant, LEVI, breached his duty owed to his employed seamen, including Mr. HANZEVACK, by:

   a. Creating an unreasonably dangerous condition;

   b. Failing to provide a safe workspace for its employees;

   c. Failing to provide appropriately trained, skilled, or competent staff aboard the subject vessel;

   d. Carelessly and negligently permitting and allowing a condition to remain on the vessel which involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

   e. Failing to inspect, discover and correct the aforementioned dangerous condition;

   f. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

   g. Failing to properly warn Plaintiff of the dangerous condition or to provide proper



Case 2:22-cv-00364-JLB-NPM   Document 1   Filed 06/10/22   Page 9 of 18 PageID 9

protection against same.

32. As a direct and proximate result of Defendant's, LEVI, negligence and Plaintiff's violent fall, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest, and costs against Defendant, LEVI, requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

## COUNT II - UNSEAWORTHINESS
## as to RICHARD H. LEVI

33. Plaintiff, HANZEVACK, hereby brings a claim against Defendant, LEVI, for Unseaworthiness and re-alleges paragraphs 1-21 as if fully stated herein.

34. As owner and/or operator and/or manager of the vessel that caused Plaintiff's violent fall which in turn, injured Mr. HANZEVACK, Defendant, LEVI, owed seamen, including Plaintiff, Mr. HANZEVACK, the duty to provide a vessel which was suitable for its intended purpose, where Plaintiff was operating as, upon information and belief, an employee, borrowed servant, or temporary employee.

35. Defendant, LEVI, breached his duty to his employed seamen, including Mr. HANZEVACK, to provide a seaworthy vessel in that:

    a. The vessel was in an unreasonably dangerous condition;
    b. The vessel did not afford employees a safe workspace;
    c. The vessel did not have appropriate crew for the safety of its workers, including

9

Page 9 of 17   910F3648EE51F

Plaintiff;

d. The unseaworthy condition of the vessel involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

e. The vessel was without appropriate safety measures for the protection of its workers, including Plaintiff;

f. The vessel had no warning regarding the dangerous and unsafe condition of the vessel, its work areas, and communication systems.

36. As a direct or proximate result of the unseaworthy conditions alleged in the preceding paragraphs, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

37. Defendant's, LEVI, conduct in creating any and all unseaworthy conditions alleged above was willful and wanton.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest and costs against Defendant, RICHARD H. LEVI, requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

### COUNT V – NEGLIGENCE
### as to RICHARD H. LEVI

38. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, LEVI, for Negligence and re-alleges paragraphs 1-21 as if fully stated herein and alternately pleads as follows.

39. Prior to and on June 10, 2019, aboard the M/V *TERA BYTE*, the M/V *TERA BYTE* and its

10

owners, operators, and charterers were under a duty to avoid exposing seamen, including but not limited to Plaintiff, from harm from the hazards the seamen might encounter while working upon the at issue vessel. This duty includes but is not limited to keeping a proper lookout, properly communicating with all workers involved in the vessel operation, following safe tender mooring practices, insuring the proper function of all onboard machinery, and warning all seamen of any hazards, hidden defects, or insufficiencies in the vessel and/or the crew.

40. Defendant, the LEVI, breached its duty owed to seamen, including Mr. HANZEVACK, by:

    a. Creating an unreasonably dangerous condition;

    b. Failing to keep a proper lookout;

    c. Failing to properly communicate with all workers involved in the operation of the Defendant vessel;

    d. Failing to inspect the onboard machinery, to wit, the internal generator exhaust;

    e. Failing to provide a safe workspace for its employees and seamen;

    f. Carelessly and negligently permitting and allowing a condition to remain on the vessel and her tender which involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

    g. Failing to inspect, discover and correct the aforementioned dangerous condition;

    h. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

    i. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

41. That as a direct and proximate result of Defendant's, LEVI, negligent breach of duty, and Plaintiff's violent fall, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest and costs against Defendant, RICHARD H. LEVI, requests a trial by jury on all issues so triable, and any such other relief to which Plaintiff may be justly entitled.

## COUNT XI - UNSEAWORTHINESS

### as to ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE*

42. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, M/V *TERA BYTE*, for Unseaworthiness and re-alleges paragraphs 1-21 as if fully stated herein.

43. As the vessel that caused the violent fall that injured Mr. HANZEVACK, Defendant, M/V *TERA BYTE*, owed seamen, including Plaintiff, Mr. HANZEVACK, the duty to be suitable for its intended purpose, where Plaintiff was operating as, upon information and belief, an employee, borrowed servant, or temporary employee.

44. Defendant Vessel, the M/V *TERA BYTE*, breached its duty to its employed seamen, including Mr. HANZEVACK, to provide a seaworthy vessel in that:
    a. The vessel was in an unreasonably dangerous condition;
    b. The vessel did not afford employees a safe workspace;
    c. The vessel did not have appropriate crew for the safety of its workers, including Plaintiff;
    d. The unseaworthy condition of the vessel involved an unreasonable and foreseeable

12



        risk of harm to another person, including Plaintiff;

   e. The vessel was without appropriate safety measures for the protection of its workers, including Plaintiff;

   f. The vessel had no warning regarding the dangerous and unsafe condition of the vessel, its work areas, and communication systems.

45. As a direct or proximate result of the unseaworthy conditions alleged in the preceding paragraphs, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

46. Defendant's, M/V *TERA BYTE*, conduct in creating any and all unseaworthy conditions alleged above was willful and wanton.

**WHEREFORE**, Plaintiff, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest and costs against Defendant, ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE*, and requests the following relief:

A. That process in due form of law according to practices of this Court and causes of Admiralty and Maritime Jurisdiction may issue against and ONE 113'3" Sunseeker motor Yacht known as the M/V *TERA BYTE* (MMSI: 367659660; Call Sign: WDH8600), and that all persons having or claiming any interest therein be cited to appear and answer under oath all in singular the matters aforesaid, with cost, attorney's fees, and prejudgment interest, and that the said vessel may be condemned and sold to pay thereon; and that when ordered to be sold that Plaintiff, DUSTIN LEE HANZEVACK, would be granted a credit in the amount of its judgment to bid so much thereof as he sees fit against the vessel at

DocVerify ID: 8D46EC8B-F292-4C06-9441-10F3648EE51F
www.docverify.com
Page 13 of 17   1310F3648EE51F

judicial sale; and further,

B. That this Court grant to Plaintiff, DUSTIN LEE HANZEVACK, such other and further relief as this Court may deem just and appropriate.

## COUNT XIV – NEGLIGENCE
## as to the M/V *TERA BYTE*

47. Plaintiff, Mr. HANZEVACK, hereby brings a claim against Defendant, M/V *TERA BYTE*, for Negligence and re-alleges paragraphs 1-21 as if fully stated herein and alternately pleads as follows.

48. Prior to and on June 10, 2019, aboard the M/V *TERA BYTE*, the M/V *TERA BYTE* and its owners, operators, and charterers were under a duty to avoid exposing seamen including but not limited to Plaintiff, from harm from the hazards the seamen might encounter while working aboard the subject vessel and her tender. This duty includes but is not limited to keeping a proper lookout, properly communicating with all workers involved in the care and maintenance of the vessel, insuring the proper function of all onboard machinery, and warning all seamen of any hazards, hidden defects, or insufficiencies in the vessel and/or the crew.

49. Defendant, the M/V *TERA BYTE*, breached its duty owed to seamen, including Mr. HANZEVACK, by:

   a. Creating an unreasonably dangerous condition;

   b. Failing to keep a proper lookout;

   c. Failing to properly communicate with all workers involved in the operation of the Defendant vessel;

   d. Failing to inspect the onboard machinery, to wit, the internal generator exhaust;

14

  e. Failing to provide a safe workspace for its employees and seamen;

  f. Carelessly and negligently permitting and allowing a condition to remain on the vessel and her tender which involved an unreasonable and foreseeable risk of harm to another person, including Plaintiff;

  g. Failing to inspect, discover and correct the aforementioned dangerous condition;

  h. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

  i. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

50. That as a direct and proximate result of Defendant Vessel's negligent breach of duty, and Plaintiff's violent fall, Plaintiff, Mr. HANZEVACK, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, DUSTIN LEE HANZEVACK, demands judgment for the stated damages, interest, and costs against Defendant, ONE 113'3" Sunseeker Motor Yacht known as the M/V *TERA BYTE,* and requests the following relief:

A. That process in due form of law according to practices of this Court and causes of Admiralty and Maritime Jurisdiction may issue against and ONE 113'3" Sunseeker motor Yacht known as the M/V *TERA BYTE* (MMSI: 367659660; Call Sign: WDH8600), *in rem*, and that all persons having or claiming any interest therein be cited to appear and answer under oath all in singular the matters aforesaid, with cost, attorney's fees, and prejudgment interest, and that the said vessel may be condemned and sold to pay thereon; and that when

ordered to be sold that Plaintiff, DUSTIN LEE HANZEVACK, would be granted a credit in the amount of its judgment to bid so much thereof as he sees fit against the vessel at judicial sale; and further,

B. That this Court grant to Plaintiff, DUSTIN LEE HANZEVACK, such other and further relief as this Court may deem just and appropriate.

Respectfully Submitted on this the 10th day of June, 2022,

> Frank D. Butler, Esq.
> FBN: 940585
> fdblawfirm@aol.com
> Kelly Ann L. May, Esq.
> FBN: 59286
> kmay@fightingforfamilies.com
> Frank D. Butler, P.A.
> 10550 US Highway 19 North
> Pinellas Park, FL 33782
> Phone: 727-399-2222
> Fax: 727-399-2202
> Service: courtdocserve@fdblawfirm.com
> Secondary: kallen@fightingforfamilies.com
> *Attorneys for Plaintiff*
>
> **/s/ Kelly Ann L. May, Esquire**
>  Kelly Ann L. May, Esq.

DocVerify ID: 8D46EC8B-F292-4C06-9441-10F3648EE51F
www.docverify.com
Page 16 of 17   1610F3648EE51F

**VERIFICATION**

I, DUSTIN LEE HANZEVACK, being duly sworn, depose and state that I am the Plaintiff herein; that I have read the foregoing Complaint and am familiar with its contents; that the source of my information is based on personal, first-hand knowledge of the events described in the Complaint, and that the same is true and correct.

*Dustin hanzevack*
Signed on 2022/06/10 11:51:54 -8:00

Dustin Lee Hanzevack

**STATE OF FLORIDA**
**COUNTY OF PINELLAS**

**BEFORE ME**, the undersigned authority, appeared, DUSTIN LEE HANZEVACK, who produced ___Driver's License___ as identification.

**SWORN TO AND SUBSCRIBED** before me on this 10th day of June 2022.

*Sandra L Santiago*
Signed on 2022/06/10 11:51:54 -8:00
NOTARY PUBLIC

**Sandra L. Santiago**
**Commission # HH 33482**
Notary Public - State of Florida
My Commission Expires Aug 18, 2024

Notary Stamp 2022/06/10 11:51:54 PST                    CDBA9E4CBC41

Notarial act performed by audio-visual communication

17



## Complaint_6-10-2022.pdf

| | |
|---|---|
| DocVerify ID: | 8D46EC8B-F292-4C06-9441-10F3648EE51F |
| Created: | June 10, 2022 11:35:12 -8:00 |
| Pages: | 17 |
| Remote Notary: | Yes / State: FL |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Dustin hanzevack (Dh)**
June 10, 2022 11:51:54 -8:00 [4D4633501612] [73.23.40.160]
dhanzevack@icloud.com (Principal) (Personally Known)

**E-Signature Notary: Sandra L. Santiago (SLS)**
June 10, 2022 11:51:54 -8:00 [CDBA9E4CBC41] [71.214.80.156]
sandrasantiago3672@hotmail.com
I, Sandra L. Santiago, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

