UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUSTIN LEE HANZEVACK,

        Plaintiff,

v.                                                Case No: 2:22-cv-364-JLB-NPM

DIVERSIFIED YACHT SERVICES, INC.,
a Florida Profit Corporation;
RICHARD H. LEVI REVOCABLE TRUST,
*in personam*; and ONE 113'3" Sunseeker Motor
Yacht known as the M/V TERA BYTE,
(MMSI: 367659660; Call sign: WDH8600),
*in rem*,

        Defendants.
_____/

**ORDER**

Defendants Diversified Yacht Services, Inc. ("DYS"), Richard H. Levi Revocable Trust (the "Trust") and ONE 113'3" Sunseeker Motor Yacht M/V Tera Byte (the "Vessel" and, together with DYS and the Trust, "Defendants") move to dismiss Counts II, III, IV, VI, and VIII of plaintiff Dustin Lee Hanzevack's ("Plaintiff") amended complaint (Doc. 14) (the "Amended Complaint"). Upon careful review and accepting all well-pleaded facts in the Amended Complaint as true, the motion to dismiss (Doc. 15) is **DENIED**.

1

## BACKGROUND[1]

Plaintiff claims that he was employed as a seaman at all times by DYS, the Trust, and the Vessel. (Doc. 14 at ¶ 8). Plaintiff explains, in his response to the motion to dismiss, that either DYS or the Trust was Plaintiff's employer and that his claim against the Vessel is also an alternative claim. (Doc. 19 at 10–11).

On or about June 10, 2019, Plaintiff was performing his duties as a seaman aboard the Vessel. (Doc. 14 at ¶ 9). When Plaintiff attempted to board the tender for the Vessel (the M/V *Gotta Byte*, referred to herein as the "Tender") to retrieve equipment that had been left behind on the Tender, he slipped on what he describes as the "unreasonably slippery and chemically coated toe rail" of the Vessel, resulting in injuries. (*Id.* at ¶¶ 10–13).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard of plausibility is met when the plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Amended Complaint.

alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

### I. Whether Plaintiff's claim for unseaworthiness against DYS (Count II) should be dismissed because DYS does not own the Vessel.

Defendants argue that Count II, which asserts a claim of unseaworthiness against DYS, should be dismissed because damages for unseaworthiness of a vessel are only available against the shipowner and the vessel in question, and it is undisputed that the Trust is the owner of the Vessel. (Doc. 15 at 4). The Amended Complaint, however, alleges that DYS is the "owner and/or operator and/or manager" of the Vessel. (Doc. 14 at ¶ 20). In his response to the Motion to Dismiss, Plaintiff elaborates that evidence obtained through the course of litigation will demonstrate that DYS was the owner "pro hac vice" of the Vessel. (Doc. 19 at 7–8).

"The Doctrine of Seaworthiness under general maritime law is the absolute duty of a shipowner to furnish a vessel reasonably fit for its intended purpose." *Int'l Metalizing & Coatings, Inc. v. M&J Constr. Co. of Pinellas Cnty., Inc.*, Case No.

3

8:09-CV-643-T-33AEP, 2009 WL 10671019, at *1 (M.D. Fla. Dec. 8, 2009) (citation omitted), *report and recommendation adopted*, 2010 WL 11507987 (M.D. Fla. Jan. 7, 2010).

Traditionally, "damages for unseaworthiness of a vessel are . . . only available against the shipowner and the vessel." *Le Tran v. Celebrity Cruises, Inc.*, No. 12-24017-CIV, 2013 WL 2285546, at *3 (S.D. Fla. May 23, 2013) (citation omitted). But there is an exception to this general rule:

> A bareboat or demise charter . . . whereby the charterer assumes full possession and control of the vessel, constitutes the only form of charter that purports to invest temporary powers of ownership in the charterer and, therefore, constitutes the only conceivable basis on which the vessel owner could seek to escape liability for the unseaworthiness of this vessel.

*Id.* (citation omitted); *see also Gatewood v. Atlantic Sounding Co., Inc.*, No. 3:06-cv-41-J-32HTS, 2007 WL 1526656, at *5 (M.D. Fla. May 23, 2007) (citation omitted) ("An unseaworthiness claim for an injured seaman applies . . . *in personam* against either the title owner of the vessel, or the owner *pro hac vice* under a demise or 'bareboat' charter."). Accordingly, "[u]nder settled principles of admiralty law, liability for unworthiness . . . turns upon who possessed control of the ship such that it would best be charged as the owner at the time the accident occurred." *Le Tran*, 2013 WL 2285546, at *3 (citation omitted). Thus, "[t]o allege a claim of unseaworthiness, a plaintiff must allege that the defendant was the owner or operator of the vessel alleged to be in a defective condition." *Felarise v. Dann Ocean Towing, Inc.*, Case No. 8:20-cv-544-T-60AAS, 2020 WL 3490177, at *3 (M.D. Fla.

4

June 26, 2020) (citing *Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)).[2]

Here, the Amended Complaint alleges that DYS is the "owner and/or operator and/or manager" of the Vessel. (Doc. 14 at ¶ 19). While resolving this allegation necessarily involves both fact and law, for purposes of the Motion to Dismiss, the Court will accept that allegation as solely one of fact and therefore true. *See Pardus*, 551 U.S. at 93–94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court's acceptance of this allegation—again, for the purpose of resolving this motion to dismiss—is without prejudice to Defendants, should they choose to, raising this issue later in these proceedings.

## II. Whether Plaintiff's claims for negligence against DYS and the Trust (Counts III and VI, respectively) should be dismissed because Plaintiff already states a claim under the Jones Act.

Defendants assert that Counts III and VI of the Amended Complaint, sounding in negligence against DYS and the Trust, respectively, must be dismissed because Plaintiff has already stated a claim for Jones Act negligence against DYS. (Doc. 15, at 4–5, 8–9). Plaintiff explains that he believes that either DYS or the Trust was Plaintiff's employer, and he will rely on discovery to determine which entity was the actual employer. (Doc. 19 at 10–11). The Amended Complaint asserts general negligence claims in the alternative against both entities. (*Id.* at

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

11).

Defendants do not claim that the negligence counts are inadequately pleaded, but the Court will nevertheless consider whether the allegations in Counts III and VI are sufficient to survive a motion to dismiss. "To plead negligence in a maritime case, 'a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.'" *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

In Count III, Plaintiff pleads negligence as to DYS. (Doc. 14 at ¶¶ 24–27). Plaintiff alleges that DYS conducts business aboard the Vessel. (*Id.* at ¶ 5). Plaintiff claims that DYS was an owner and/or operator and/or manager of the Vessel (*id.* at ¶ 20), and thus was "under a duty to avoid exposing seamen, including but not limited to Plaintiff, from harm from the hazards the seamen might encounter while working upon the at issue vessel." (*Id.* at ¶ 25). Plaintiff alleges that DYS breached its duty to Plaintiff by, among other things, "[c]reating an unreasonably dangerous condition" and "[f]ailing to keep a proper lookout." (*Id.* at ¶ 26). Plaintiff also alleges that the breach directly and proximately caused Plaintiff to suffer, among other things, "physical and mental pain and anguish," "disability," and "loss of capacity for the enjoyment of life." (*Id.* at ¶ 27). Accordingly, Count III adequately pleads negligence in a maritime case. *See Franza*, 772 F.3d at 1253.

In Count VI, Plaintiff pleads negligence as to the Trust.  (*Id.* at ¶¶ 38-41). Plaintiff claims that the Trust was the owner of the Vessel.  (*Id.* at ¶ 6).  Otherwise, Count VI tracks and is almost identical to Count III.  (*Id.* at ¶¶ 38-41).  Accordingly, Count VI adequately pleads negligence in a maritime case.  *See Franza*, 772 F.3d at 1253.

Before trial, Plaintiff must elect the theory under which he will proceed. But the Court will not dismiss Counts III and VI of the Amended Complaint because they are otherwise adequately pleaded.  *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir. 2008) ("[T]he Federal Rules permit pleading in the alternative, even within one single count") (citing Fed. R. Civ. P. 8(d)(2)).

### III. Whether Plaintiff's claim under the Jones Act against the Trust (Count IV) should be dismissed because the Trust was not Plaintiff's employer.

Defendants claim that Count IV, Jones Act negligence against the Trust, should be dismissed because the Trust is not Plaintiff's employer.  (Doc. 15 at 5).  As set forth in Section II, Plaintiff alleges that DYS and the Trust are each his employer to preserve his right to asserts claims against both defendants, one of whom discovery will show was Plaintiff's employer.  (Doc. 19, at 10–11).

Only one person, firm, or corporation can be sued as employer.  *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783 (1949).  But Plaintiff explains that he is "present[ing] his negligence counts in the alternative," contending that either DYS or the Trust was his employer.  (Doc. 14 at 10–11).  At the pleading stage, Plaintiff

7

can sue defendants in the alternative under the Jones Act. *See Butts v. ALN Group, LLC*, 512 F. Supp. 3d 1301, 1308 (S.D. Fla. 2021) ("[A]t the Hearing, Plaintiff clarified that she is suing Defendants *in the alternative* for Jones Act Negligence, which is permissible at the pleading stage") (emphasis in original) (citing *Grant v. Int'l Cruise Shops, Ltd.*, No. 06-21402, 2007 WL 9702365, at *2 (S.D. Fla. Feb. 7, 2007)).

Before trial, Plaintiff must decide which defendant he is suing as his employer. But the Court will not dismiss Count IV of the Complaint at this time.

### IV. Whether Plaintiff's claim for negligence against the Vessel (Count VIII) should be dismissed because Jones Act remedies are available against employers *in personam* only.

Defendants claim that Count VIII, negligence against the Vessel, should be dismissed because Jones Act remedies are only available against employers, and Plaintiff was not employed by the Vessel. (Doc. 15 at 9–10). Plaintiff responds that, assuming he was not employed by the Trust or DYS, he is entitled to recover in tort against the vessel *in rem* for negligence. (Doc. 19 at 11).

Contrary to Defendants' characterization, Count VIII sounds in negligence, not Jones Act negligence. (Doc. 14 at ¶¶ 47-50). "A vessel is an entity apart from its owner that is liable . . . for torts . . . ." *Minott v. M/Y BRUNELLO*, 891 F.3d 1277, 1284 (11th Cir. 2018) (citing *Merchants Nat'l Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345 (5th Cir. Unit A Dec. 1981)). Moreover, "a maritime tort gives the victim a lien against the vessel by operation of the general maritime law . . . ." *Id.* (citing Thomas J. Schoenbaum, Admiralty & Maritime Law

8

§ 9-1 (5th ed. 2017)).  The lien is created "as soon as the claim comes into being . . . ."  *Id.*  (citing *The John G. Stevens*, 170 U.S. 113, 117 (1898)).  Finally, "[f]ederal district courts obtain *in rem* jurisdiction over a vessel when a maritime lien attaches to it . . . ."  *Id.* (citing *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010)).  This process is controlled by Supplemental Rule C, which provides that "an action *in rem* may be brought to enforce any maritime lien . . . ."  *Id.*  (citing Fed. R. Civ. P. Supp. R. C(1)).

Count VIII tracks Counts III and VI, which adequately plead claims for negligence.  Accordingly, Count VIII adequately pleads negligence against the Vessel.  Because the Vessel is an entity apart from its owner that is liable for torts, the Court will not dismiss Count VIII.

## CONCLUSION

For the reasons above, Defendants' Partial Motion to Dismiss Counts II, III, IV, VI, and VIII of Plaintiff's Amended Complaint (Doc. 15) is **DENIED**.

ORDERED at Fort Myers, Florida on January 26, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE